ROBERTSON, Presiding Judge.
This is a workmen’s compensation ease.
On May 13, 1994, Lennord C. Owens filed a complaint in the Tuscaloosa County Circuit Court, seeking workmen’s compensation benefits. Owens alleged that in February or March 1993 he suffered an injury and that such injury arose out of and in the course of his employment with Newton Lumber Company, Inc. Newton answered, denying that Owens suffered an injury and that such injury arose out of and in the course of his employment.
An ore tenus proceeding was held on March 21, 1995. The only testimony presented to the trial court was by Owens; Mr. *473 William Roy Simmons, Owens’s supervisor; and Ms. Linda McDowell, Secretary-Treasurer of Newton. All of the testimony revealed that the accident had occurred on June 10, 1992, and Owens admitted that he was confused about the dates of his injury. Following the completion of the testimony and the submission of the medical records, Owens moved to amend his complaint to conform to the evidence that the accidence occurred on June 10, 1992; the trial court allowed that amendment.[1] On March 22, 1995, the trial court entered a judgment, finding that Owens suffered a hernia resulting from an accident which arose out of and in the course of his employment; the trial court awarded benefits accordingly.
Newton appeals, arguing (1) that the trial court erred in finding that Owens suffered a hernia arising out of and in the course of his employment with Newton; and (2) that the trial court erred in awarding Owens workmen’s compensation benefits and medical expenses.
In Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991), our supreme court set out the standard for appellate review of factual determinations in a workmen’s compensation case:
“Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.”
575 So.2d at 93. The second prong of this standard was further explained in Ex parte Veazey, 687 So.2d 1348 (Ala.1993):
“Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.”
637 So.2d at 1349.
We first address whether the trial court erred in finding that Owens suffered a hernia arising out of and in the course of his employment with Newton. In order for Owens to receive compensation benefits for his alleged hernia, he must prove all of the following:
“1. That there was an injury resulting in hernia.
2. That the hernia appeared suddenly.
3. That it was accompanied by pain.
4. That the hernia immediately followed an accident.
5. That the hernia did not exist prior to the accident for which compensation is claimed.”
Section 25-5-57(a)(6)a., Ala.Code 1975. The trial court’s judgment stated, in pertinent part:
“[Owens] was injured in an accident, on the job, arising out of and in the course of his employment with the defendant on June 10, 1992. At that time, [Owens] was lifting a heavy piece of lumber and sustained a strain to his left groin area. [Owens] felt immediate pain, and notified his employer.
[[Image here]]
“Under the facts of this case, there is no doubt that [Owens] sustained an injury to his left abdominal area on June 10, 1992. [Owens] continued to have pain and soreness from the date of injury till the hernia was detected over one year later. [Owens] testified that he had no problems with his left abdominal area prior to the June 10, 1992, injury. The unclear issues are whether this injury resulted in á hernia and if it appeared suddenly. On a close examination of the medical records submitted, Dr. Kumar, who noted the hernia in July of 1993, noted that the hernia was noticeable only on straining and eoughing. The other doctors records were silent as to whether or not they had the plaintiff strain or cough. Some records stated only that no masses were palpable, perhaps meaning that they only felt the area. Giving all favorable presumptions to [Owens] as the law requires, this court finds that the hernia occurred on June 10, 1992, and appeared suddenly.”
*474 After carefully reviewing the record, we find that the evidence is accurately reflected in the trial court’s judgment. There was legal evidence to support the trial court’s finding that Owens suffered a hernia as a result of the accident on June 10, 1992, and that the hernia appeared suddenly.[2] Even though another reasonable view of the evidence might suggest a different outcome, one reasonable view of that evidence supports the trial court’s judgment; therefore, we must affirm. Ex parte Veazey, supra.
The affirmance of the first issue mandates an affirmance of the trial court’s award of workmen’s compensation benefits and medical expenses to Owens. §§ 25-5-51 and 25-5-77, Ala.Code 1975.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., dissents.

. This case is under the Workmen’s Compensation Act, as it read before the 1992 amendments to the Act, because the injury occurred on June 10, 1992.

. Also evidenced by Dr. McIntyre’s notes of Owens's examination on June 11, 1992, as quoted in the dissent.